UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DANTON KEITH DUNCAN,                    :   DOCKET NO. 10 CV 8089 (GBD)
                                        :   (DCF)
                Plaintiff,              :
        v.                              :   ECF Case
                                        :
OFFICER MANUEL CARDOVA, SHIELD          :   JURY TRIAL DEMANDED
#04655; OFFICER WILLIS MURRAY,          :
SHIELD #375; OFFICER MORGAN             :
JONES, SHIELD #4167; UNDERCOVER         :   SECOND AMENDED COMPLAINT
OFFICER #0059; AND UNDERCOVER           :
OFFICER #0076.                          :
                                        :
                Defendants.             :
------------------------------------------------------------x

Plaintiff Danton Duncan ("Mr. Duncan"), by his undersigned counsel, for his amended complaint against defendants Officer Michael Cardova, Officer Willis Murray, Officer Morgan Jones, Undercover Officer #0059, and Undercover Officer #0076 (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil rights action brought for damages pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution and to New York state and common law.

2. This lawsuit arises from Defendants' false arrest, imprisonment, and indictment of Mr. Duncan. Defendants arrested Mr. Duncan without probable cause and prosecuted him for a drug offense that he clearly did not commit. The police officers involved in Mr. Duncan's arrest testified falsely before the Grand Jury, resulting in the indictment of Mr. Duncan. After the overseeing court dismissed the indictment due to prosecutorial misconduct, Mr. Duncan was held

in prison for two months, awaiting a new indictment. All charges against Mr. Duncan were eventually dismissed.

3. Mr. Duncan's constitutional rights were violated by his false arrest and malicious prosecution by the Defendants. He now seeks redress for those violations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Mr. Duncan and some or all of the Defendants reside in this district, and the events giving rise to Mr. Duncan's claims occurred in this district.

## THE PARTIES

### A. Plaintiff

6. Mr. Duncan is, and was at all relevant times mentioned herein, a citizen of the United States, and a resident of the City of New York. Mr. Duncan is 49 years old.

### B. Defendants

7. Officer Manuel Cardova ("Officer Cardova") is or was employed by the NYPD at all relevant times. Officer Cardova was the arresting officer the day Mr. Duncan was arrested.

8. Officer Willis Murray is or was employed by the NYPD at all relevant times. Officer Murray was identified by the City as being a participant in the arrest or police investigation.

9. Officer Morgan Jones is or was employed by the NYPD at all relevant times. Officer Jones was identified by the City as being a participant in the arrest or police investigation.

10. Undercover officer #0059 was an undercover officer who is or was employed by the NYPD. Undercover officer #0059 was identified by the City as a participant in Mr. Duncan's arrest.

11. Undercover officer #0076 was an undercover officer who is or was employed by the NYPD. Undercover officer #0076 was identified by the City as a participant in Mr. Duncan's arrest.

## STATEMENT OF FACTS

### A.   December 16, 2008

12. Mr. Duncan attended an anger management / drug program at the Bowery Residents Committee ("BRC").

13. The BRC provides outpatient treatment, among other services. The BRC is located on 324 Lafayette Street, New York, New York.

14. On December 16, 2008, Mr. Duncan attended the program at the BRC. Mr. Duncan met with Josefa Lado, Assistant Program Director at the BRC Fred Cooper Substance Abuse Service Center. Mr. Duncan left no earlier than 3:00 PM.

15. When his program ended, Mr. Duncan left the BRC and walked to the subway station to travel uptown. At the time, Mr. Duncan walked with the assistance of a cane because of herniated discs in his back.

16. Mr. Duncan rode the subway uptown and then walked to his friend's apartment located on 131st Street and 5th Avenue in Manhattan. His friend was not home, but his friend's mother, Minnie Sanders, was. After a brief visit with Ms. Sanders, Mr. Duncan left the apartment to buy eggs for her.

17. On his way to the store, Mr. Duncan was approached by a plain clothes officer of the NYPD. The police officer informed Mr. Duncan that he matched a description of a perpetrator involved in a drug offence that allegedly occurred near 2142 Fifth Avenue in Manhattan. The police officer then conducted a search of Mr. Duncan, and told Mr. Duncan that he would be released if nothing was found. The police officer did not find any drugs during his search.

18. Upon information or belief, the group of officers that arrested Mr. Duncan included the named defendants. One of the police officers participating in the arrest took Mr. Duncan's cane and discarded it in the street.

19. Mr. Duncan was transported to the police station in the 30th Precinct. Once at the police station, Mr. Duncan was strip searched. The police officers did not recover any contraband.

20. Mr. Duncan did not participate in the alleged drug offense. Mr. Duncan was traveling to his friend's apartment at or around the time the police contend the offense occurred, which police documents allege was at approximately 4:05 PM.

**B.    December 22, 2008**

21. The People of New York, represented by Assistant District Attorney Andrea Chilaka, requested the Grand Jury indict Mr. Duncan for criminal sale of a controlled substance in the third degree (P.L. 220.39(1)).

22. ADA Chilaka called several police witnesses. Upon information or belief, some or all of the named defendants testified before the Grand Jury. The police witnesses testified about a sale of narcotics, allegedly involving Mr. Duncan that occurred at 2:05 PM, for which

Mr. Duncan was arrested at approximately 4:45 PM. The police officers testified falsely, because Mr. Duncan was not the perpetrator of the drug transaction.

23. Because Mr. Duncan was innocent of the charges, Mr. Duncan waived immunity and testified before the Grand Jury.

24. ADA Chilaka told Mr. Duncan that the Grand Jury was investigating an incident that occurred on December 16, 2008, at approximately 2:05 PM. ADA Chilaka asked Mr. Duncan if he wished to make a statement about the incident.

25. Mr. Duncan testified that, at around 2:05 PM, he was at the BRC for his program. Mr. Duncan testified that he was not involved in the drug transaction.

26. After Mr. Duncan finished testifying, ADA Chilaka recalled the police witnesses to testify. The police witnesses changed their testimony, alleging that the incident happened at 4:05 PM, instead of 2:05 PM. By changing the time of the incident, the police officers attempted to overcome Mr. Duncan's alibi and secure his indictment. Mr. Duncan was not recalled to the Grand Jury.

27. The Grand Jury issued an indictment, charging Mr. Duncan with one count of Criminal Sale of a Controlled Substance (P.L. 220.39(1)).

### C. The Months that Followed

28. Mr. Duncan was held in prison after he was indicted.

29. Mr. Duncan, by his counsel, filed a motion to inspect the grand jury minutes and dismiss the indictment. On May 6, 2009, Judge Zweibel of the Supreme Court of the State of New York, New York County, issued a decision dismissing the indictment against Mr. Duncan. In the decision, Judge Zweibel noted that the police witnesses testified to a drug sale allegedly involving Mr. Duncan that occurred at 2:05 PM, but then were recalled by ADA Chilaka to

change the time. Judge Zweibel wrote that this "compound[ed] the errors" committed by the prosecutor, and characterized the Grand Jury proceedings as "impaired to such an extent that prejudice to the defendant clearly resulted."

30. Despite dismissal of the indictment, the State of New York kept Mr. Duncan imprisoned, pending a new indictment. The State of New York proposed at least three different dates for the Grand Jury—May 7, 2009; May 21, 2009; and June 11, 2009—but failed to present Mr. Duncan's case to the Grand Jury on any of those dates.

31. On July 23, 2009, Judge Zweibel dismissed all charges against Mr. Duncan. Mr. Duncan was finally released from prison, after seven months of incarceration.

32. From his false arrest through his months of imprisonment, Mr. Duncan suffered physically and mentally. Mr. Duncan also suffered loss of his property during his time in prison.

## CLAIMS FOR RELIEF

### COUNT I:
### False Arrest, in violation of the Fourth and Fourteenth
### Amendments of the Constitution (42 U.S.C. § 1983) (against all defendants)

33. Mr. Duncan realleges and incorporates by reference each and every allegations above as if fully set forth herein.

34. Defendants, despite knowing that probable cause did not exist to arrest Mr. Duncan for the drug offense acted individually and in concert to cause Mr. Duncan to be arrested.

35. As a result of the foregoing, Mr. Duncan was deprived of his liberty, suffered wrongful violation of his constitutional rights and physical and psychological injury, mental anguish and emotional distress, and was otherwise damaged and injured.

## COUNT II:
## Malicious Prosecution, in violation of the Fourth and Fourteenth Amendments of the Constitution (42 U.S.C. § 1983) (against Defendant Officer Cardozo)

36. Mr. Duncan realleges and incorporates by reference each and every allegations above as if fully set forth herein.

37. Defendants, despite knowing that probable cause did not exist to prosecute Mr. Duncan for the drug offense acted individually and in concert to maliciously initiate a criminal proceeding against Mr. Duncan, which was terminated in Mr. Duncan's favor.

38. As a result of the foregoing, Mr. Duncan suffered wrongful violation of his constitutional rights, mental anguish, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Duncan respectfully requests:

A. Compensatory damages for the injuries Mr. Duncan has suffered in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Judgment be entered against Defendants in favor of Mr. Duncan for the costs of litigation, including reasonable attorneys' fees under 28 U.S.C. § 2412(d)(1)(A);

D. The Court award Mr. Duncan any further relief that the Court deems appropriate.

## JURY TRIAL DEMAND

Mr. Duncan, by his counsel and pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury on all claims so triable in this action.

Dated:      March 22, 2013
            New York, New York

                                        Respectfully submitted,

                                        /s/ Dana E. Vallera
                                        Dana E. Vallera
                                        125 Broad Street
                                        New York, NY 10004
                                        (212) 558-4000

                                        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2013, I caused to be served copies of this Second Amended Complaint pursuant to Fed. R. Civ. P. 26(a)(1) on all parties listed via Corporation Counsel Andrew Lucas, by consent, via first-class mail.

_Dana E. Vallera_
Dana E. Vallera